NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1987
_____

XIAN ZHANG LI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-397-254)
Immigration Judge:  Honorable Roxanne C. Hladylowycz
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 3, 2011
Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Filed : November  04 , 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Petitioner Xian Zhang Li petitions for review of a final order of the Board of

Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying

asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

We will deny the petition for review.

Li, a citizen of China, arrived in the United States in 2006. He was charged by the Department of Homeland Security with being removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who was present in the United States without being admitted.

Li conceded that he was removable as charged, but applied for asylum, withholding of removal, and CAT relief. Li contended that he was entitled to relief because the Chinese government had persecuted him for resisting its family-planning policies. More specifically, he claimed that in 1997, when government officials arrived at his house to take his wife to a hospital to implant an intrauterine device, he attempted to bar their entry. The officials beat him up, arrested him, and detained him for a week. Li did not seek any medical treatment after the incident. Then, in 2005, his wife underwent a forced abortion. He testified that he feared that if he returned to China, he would be sterilized.

The IJ denied all of Li's claims. The IJ determined that his asylum application was untimely, that he had failed to present credible testimony, and that he had advanced no evidence to show that he would be tortured if he returned to China. Li appealed to the BIA, which dismissed the appeal. The BIA concluded that it need not reach the IJ's adverse-credibility finding or its ruling that the asylum application was untimely because another deficiency was apparent in the record: according to the BIA, Li failed to show that he had suffered past persecution or had an objectively reasonable fear of future persecution. Moreover, the BIA concluded that Li had not challenged the IJ's disposition of his withholding-of-removal and CAT claims, and had thus waived review of those

2

claims. Li filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's final order of removal. Where, as here, the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision, not that of the IJ. Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008). We must uphold the agency's factual findings, including its findings as to whether Li demonstrated past persecution or a well-founded fear of future persecution, if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Li first argues that he is entitled to asylum because he suffered past persecution. To be eligible for relief due to past persecution, aliens must show that they were victims of "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (internal quotation marks omitted).

As the BIA observed, Li's claim of past persecution was based entirely on two related incidents — a beating that did not require medical treatment and a seven-day detention.[1] However, we have previously upheld BIA decisions finding that similar incidents were not sufficiently severe to amount to persecution. See Jarbough v. Att'y

---

[1] Li is not entitled to asylum based on his wife's forced abortion. See Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc).

3

Gen., 483 F.3d 184, 191-92 (3d Cir. 2007); Kibinda v. Att'y Gen., 477 F.3d 113, 119 (3d Cir. 2007). Accordingly, we conclude that substantial evidence supports the BIA's ruling that Li failed to show past persecution.

Li also contends that he established that he possesses a well-founded fear of future persecution. A future-persecution claim requires the applicant to demonstrate a subjective fear of persecution and that the fear is objectively reasonable. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). To satisfy the objective prong, the applicant must show either that (1) he would be individually singled out for persecution or (2) there is a pattern or practice in the home country of persecuting similarly situated people. Id.

In support of his claim of future persecution, Li did not present a pattern-or-practice argument; therefore, he was required to show that he would singled out for persecution in China. Id. Li claimed that, based on his "feud" with the government — the incident in 1997 in which he was beaten and arrested — he believed that he would be sterilized if he returned to China. However, he remained in China without being sterilized until he left for the United States in 2006, which undercuts his claim that the government wishes to harm him. See generally id. at 536-37. Ultimately, his testimony about being sterilized is entirely speculative, and it was therefore permissible for the BIA to reject it. See Chen v. Att'y Gen., -- F.3d --, No. 09-3459, 2011 WL 923353, at *4 (3d Cir. Mar. 18, 2011); see also Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent "solid support in the record" for the petitioner's assertion that he would be subjected to persecution in China because of his desire to have more children, his fear was "speculative at best").

4

Finally, we agree with the government that Li did not present any arguments to the BIA concerning his withholding-of-removal and CAT claims.  Li's failure to present these issues to the BIA constitutes a failure to exhaust, thus depriving us of jurisdiction to consider the claims.  Lin v. Att'y Gen., 543 F.3d 114, 119-20 (3d Cir. 2008).

Accordingly, we will deny the petition for review.